Daniel B. Beck, SBN 63825
Evan Livingstone SBN 252008
Beck Law PC
2681 Cleveland Ave
Santa Rosa, CA 95403
Phone (707) 576-7175
Fax    (707) 576-1878

Email: evanlivingtone@sbcglobal.net

Attorneys for Plaintiff(s)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In Re: | ) | |
| Ralph Yulfo and Denise L Yulfo | ) | Bankruptcy Case No. 10-11764 |
| Debtor(s) | ) | Chapter 13 |
| Ralph Yulfo and Denise L Yulfo | ) | Adversary Proceeding No. ____ |
| Plaintiff(s) | ) | |
| Deutsche Bank National Trust Company | ) | |
| Defendant(s) | ) | |

## COMPLAINT TO AVOID TRANSFER

### JURISDICTION

Plaintiff(s) Ralph Yulfo and Denise L Yulfo, brings the instant Complaint to Avoid and Recover the Fraudulent Transfer made from Ralph Yulfo and Denise L Yulfo (the "Debtor(s)") to defendant Deutsche Bank National Trust Company (the "Defendant") prior to the filing of the Debtors' respective petitions for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 1301 et seq (the "Bankruptcy Code").

## JURISDICTION AND VENUE

1. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Section 548(a)(1)(B) of the Bankruptcy Code, to recover an avoidable transfer involuntarily made by the Debtor to the Defendant.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334

3. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(F).

4. This District is the proper venue for this proceeding pursuant to 28 U.S.C. §1409.

## PARTIES

5. Plaintiff(s), Ralph Yulfo and Denise L Yulfo have standing to bring this action pursuant to 11 U.S.C. §522(h) which says the debtor may avoid a transfer of property of the debtor . . . to the extent that the debtor could have exempted such property . . . if the trustee had avoided such transfer, if such transfer is avoidable by the trustee and the trustee does not attempt to avoid the transfer.

6. Upon information and belief, Defendant has its principal place of business in Germany.

## BACKGROUND

7. Plaintiff(s) purchased their home, a condominium at 1550 Grenache Wy, Santa Rosa California, in October 2004 for approximately $375,000. For three years plaintiffs made payments of $2,500, which did not include property taxes.

8. In 2007 Samantha Freitas of Manning Mortgage in San Rafael, CA sold plaintiffs a refinance of the original loan on the house. The refinance again lowered the payments to $2,300, but required plaintiffs to assume two loans.

9. In 2009 payments on the two notes jumped from $2,300 to $2,900. Plaintiff's immediately began contacting the bank Homeq Servicing to apply for a loan modification. Homeeq Servicing refused to give plaintiff a loan modification, refused to answer plaintiff's phone calls, refused to talk to plaintiffs. Home Eq Servicing claimed they did not have a loan modification program.

10. In April 2010, Home Eq Servicing demanded that plaintiffs pay $11,000 immediately, which plaintiffs could not afford to pay.

11. On or about May 3, 2010, Home Eq Servicing conducted a trustee sale and recorded a trustee's deed after sale on May 10, 2010.

12. Said transfer of title in plaintiff's home was involuntary on the part of plaintiffs. Plaintiff's received nothing in exchange for the transfer. Said home is valuable to plaintiffs as plaintiffs have invested more than $130 thousand in mortgage payments into their home since they bought it in 2004.

13. The Plaintiff(s)' / Debtor(s)' chapter 13 case was commenced by the filing of the Debtors' voluntary Chapter 13 petition on May 11, 2010.

## CLAIMS FOR RELIEF

14. The following causes of action are asserted against the Defendant herein without. prejudice to any rights the Plaintiff or Debtors may have, or which this Court may grant to the Plaintiff or Debtors, to assert additional causes of action or allegations based on facts disclosed

in documents or other information made available to the Plaintiff or Debtors in the future or developed as a result of discovery or otherwise.

15. Eleven U.S.C. sec. 548(a)(1)(B) provides that the trustee may avoid any transfer of an interest of the debtor in property, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor received less than a reasonably equivalent value in exchange for such transfer and was insolvent on the date that such transfer was made.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court grant judgment as follows:

(a) Declare the transfer of plaintiffs' home at foreclosure sale to be an avoidable transfer and award judgment avoiding the trustee's sale that occurred on May 3, 2010 and voiding the trustee's deed after sale recorded at the Sonoma County recorder's office on May 10, 2010.

(b) Grant such other and further relief to the Plaintiff as may be just and proper.

BECK LAW PC

Dated: June 4, 2010

by: Evan Livingstone
Attorneys for Ralph Yulfo and Denise L Yulfo